UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA PLAINTIFF

v. CIVIL ACTION NO. 3:09CV-860-S

LORRAINE D. LALONDE-WADE DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff United States of America for summary judgment in this collection action for a debt incurred under the Nursing Education Loan Repayment Program ("NELRP"). The motion stands unopposed.

The following facts are undisputed.

The defendant, Lorraine D. Lalonde-Wade ("Lalonde-Wade"), incurred various educational loans while attending nursing school. In September of 2003 while she was employed at Norton Suburban Hospital in Louisville, Kentucky, she applied for and was awarded a two-year contract to participate in the NELRP to receive federal assistance with repayment of her loans. As confirmed in the letter she received with the contract, Lalonde-Wade was obligated under the agreement to serve at a critical shortage facility ("CSF") for two consecutive years in exchange for loan repayment funds. The letter stated that "It is anticipated that participants in the NELRP complete their service commitments at the CSF where they were employed when their NELRP contract was awarded. If you are unable to carry out your commitment at your initial service site, you will be expected to continue and complete your commitment at another CSF that has been approved by the

Bureau." (09/17/03 HHS Award Letter). Lalonde-Wade does not dispute that she entered into this contract with the government and received funds thereby.

Lalonde-Wade worked at Norton Suburban Hospital for thirty-six days before taking a position as a nurse practitioner at Amin Family Medical Center (the Center"), a private practice. She claims that she notified the United States Department of Health and Human Services' Bureau of Health Professions ("Bureau") that she was changing jobs and that she assumed that she remained qualified for loan repayment funds because the Bureau continued to send the checks.[1] Lalonde-Wade stated in a 2005 email to the Bureau that she believed that the Center was a Critical Shortage Facility because the Center "works with a largely indigent population." There is no dispute, however, that the Bureau never approved her job change to the Center. It is also undisputed that the Center did not meet the criteria to be classified as a Critical Shortage Facility, as it was not a Disproportionate Share Hospital, Nursing Home, or Public Health Department, as required under the 2003 contract.

Norton Hospital verified that Lalonde-Wade's last day of work was October 22, 2003. Thus the date of default under the contract was October 23, 2003. The effect of not completing the requisite two years of approved service was spelled out in the documents received by Lalonde-Wade:

> A participant who fails to complete 2 years of full-time service at an approved CSF is liable to repay all the NELRP payments he or she received during this period, plus interest at the maximum legal prevailing rate...Any amount due to the Federal government, under paragraph 1 or 2 above, is due within 3 years of the participant's service breach date. These amounts will be subject to interest at the maximum legal prevailing rate until paid in full. Other charges and penalties for delinquent or past due payments may be assessed.

---

[1] There is nothing in the record to substantiate this statement.

(NELRP Fiscal Year 2003 Application Kit, p. 17, Sec. L).

Lalonde-Wade was notified that she was placed in default of the conditions of her contract and that a total sum of $23,949.47 was due to be repaid by October 23, 2006, three years from the date of default. She has not repaid the funds she received.

The United States moved for summary judgment, seeking an order of judgment against Lalonde-Wade for $43,080.43 plus daily interest. The United States represents that this sum includes the principal amount of $19,780.06, $23,300.37 in prejudgment interest at a rate of 12% as of August 14, 2003 and which continues to accrue at $6.50 per day. As noted at the outset of this opinion, Lalonde-Wade has not responded to the summary judgment motion.

Therefore, summary judgment will be granted in this matter by separate order, and judgment will be entered for the principal amount of $19,790.06 plus prejudgment interest at 12% from the date of default to the date of entry of the order.

**IT IS SO ORDERED.**

October 23, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**